✱ AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____ Delaware _____

UNITED STATES OF AMERICA
V.
Uribe Perez-Aguilar
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case    05-90 M    MPT

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

X (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ___ clear and convincing evidence X a preponderance of the evidence ; The court concludes that there are no conditions or combination thereof that will reasonably assure defendant's appearance as required on the following bases:

1. defendant did not oppose the government's motion for detention since a detainer has been issued by ICE. He reserved his right to have the Court review its decision regarding detention which the court granted.
2. Defendant is not unfamiliar to this court since he previously pled guilty to the same charge and was sentenced by this court in April 2005. Within 2 months, he was located again in this jurisdiction in the same area of his previous arrest. He became known to have returned as a result of being arrested on state charges of trespass 3rd, resisting arrest & disorderly conduct. At the time of his state arrest on June 9, 2005, he was using the name of Gabriel Gonzalez.
3. Defendant has used a number of other aliases to avoid detection, including Rodolfo Garcia, Alexis Arvelo, Alexis Rosario, Luis Lopez and Antonio Mendez Velasquez. It appears that defendant is a citizen of Mexico and all of his family lives there.
4. Beside being deported in April 2005, defendant has been previously deported on March 30, 2004, March 17, 2004, October 21, 2003 and August 19, 2003. No evidence was presented or suggested that his presence in the US is authorized by the appropriate government authorities.
5. His presence in the US is in violation of the terms and conditions of his supervised release.
6. Since it appears that defendant is here illegally, he cannot work or hold any employment. His present residence has been of limited duration.

AO 472 (Rev. 3/86) Order of Detention Pending Trial

---

_____

_____
_____
_____
_____
_____

**Part III—Directions Regarding Detention**

    The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| June 23, 2005 | _[signature]_ |
| --- | --- |
| Date | Signature of Judicial Officer |
| | Mary Pat Thynge, Magistrate Judge |
| | *Name and Title of Judicial Officer* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).